Filed 12/29/14  P. v. King CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067424 |
| v. | (Super. Ct. No. F12909430) |
| JAMES EARL KING, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Thomas M. Singman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Poochigian, J., and Franson, J.

Defendant James Earl King was convicted by jury trial of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count 1) and inflicting corporal injury against a cohabitant (§ 273.5, subd. (a); count 2). The jury also found true the allegation that defendant personally used a dangerous weapon in the commission of count 2 (§ 12022, subd. (b)(1)). Defendant admitted two prior strike convictions and five prior prison terms (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b)). The trial court sentenced him to 25 years to life in prison.

On appeal, defendant contends the trial judge committed misconduct by commenting in front of the jury that he was surprised defendant was not calling any witnesses. We affirm.

## DISCUSSION

The prosecution presented evidence that defendant hit his girlfriend and struck her with a cane during an argument, causing her injuries. At the close of the prosecutor's case, the defense rested without calling any witnesses, even though defense counsel had a defense witness (defendant's ex-girlfriend) waiting to testify (a fact known to the court but not the jury). The court commented: "Okay. I think, obviously, you can tell I'm a little bit surprised about that. You are not to infer anything from the fact that I'm surprised, ladies and gentlemen. It was just not necessarily what I expected."

Defendant argues that the court's comment was "fraught with implications which negatively and prejudicially affected [his] chances of a favorable verdict" and violated his constitutional rights to remain silent, to have an impartial jury, and to receive due process of law. He explains that "while the court's comment was apparently innocently intended, it conveyed the unmistakable impression that in the court's opinion the testimony of the prosecution's witnesses was compelling enough so that in the absence of rebuttal by

---

[1] All statutory references are to the Penal Code.

defense witnesses, in particular, [defendant], who was the only percipient witness to the events other than [his girlfriend], a guilty verdict was warranted." Defendant says the court's comment amounted to a comment on defendant's failure to testify, shifted the burden of proof to defendant, biased the jury in favor of the prosecution, and directed a guilty verdict. We disagree.

"'[A] judge should be careful not to throw the weight of his judicial position into a case, either for or against the defendant.' [Citation.] [¶] Trial judges 'should be exceedingly discreet in what they say and do in the presence of a jury lest they seem to lean toward or lend their influence to one side or the other.' [Citation.]" (*People v. Sturm* (2006) 37 Cal.4th 1218, 1237-1238.)

We evaluate judicial conduct on a "'case-by-case basis, noting whether the peculiar content and circumstances of the court's remarks deprived the accused of his right to trial by jury.'" (*People v. Sanders* (1995) 11 Cal.4th 475, 531-532.) A particular comment's propriety and prejudicial effect are judged by its content and by the circumstances in which it was made. (*Id.* at p. 532.) "The role of a reviewing court 'is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial. [Citation.]' [Citation.]" (*People v. Harris* (2005) 37 Cal.4th 310, 347.)

Here, even if we assume the court's comment was improper, we conclude it was not so prejudicial that it denied defendant a fair trial. Immediately after the court stated it was surprised the defense was not calling any witnesses, the court admonished the jurors not to infer anything from the fact that it was surprised. Furthermore, the court instructed the jurors that the defense was not required to present evidence or prove the defendant was not guilty because he was presumed innocent, that the jurors must decide the facts of

3

the case based only on the evidence presented at trial, that a criminal defendant is presumed innocent and must be proven guilty beyond a reasonable doubt, and that the jurors were required to decide the facts of the case and use only the evidence presented in the courtroom. The court instructed: "A defendant has an absolute constitutional right not to testify. He may rely on the state of the evidence and argue that the [P]eople have failed to prove the charges beyond a reasonable doubt. Do not consider for any reason at all the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way." And later the court also instructed: "Do not take anything that I said or did during the trial as an indication of what I think about the facts or the witnesses or what your verdict should be."

A reviewing court presumes the jurors followed the court's admonitions and instructions, unless the record affirmatively indicates otherwise, and speculation on appeal that the jury might not have followed those admonitions and instructions does not support reversal. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 83.) Accordingly, we conclude any impropriety in the court's comment was cured by the court's immediate admonition and thorough instructions. The comment did not deny defendant a fair trial.

## DISPOSITION

The judgment is affirmed.

4